Ruffin, C. J.
 

 This is the same case, which was.here in June, 1844,
 
 direct.
 
 424. But upon the second trial, the facts have turned out to be very different from those formerly stated. There the action seemed to have been brought because the defendant merely left things standing as they were, when Haughton’s license for the enjoyment of the easement, expired by the death of
 
 *193
 
 that person; for the defendant had done nothing af-terwards. We held, the defendant could not be sued for being, thus, merely passive under such circumstances ; at all events, without previous notice to abate the nuisance by stopping his drains or diverting the water. We still think that position was right, though we were aware at the time, that it carried the effects of a license once granted, but terminated, to the extreme verge of the law, and upon very nice distinctions. As the case now stands, however, all ground for a notice has sunk; for the defendant, since the license ended, has been active in continuing and increasing the nuisance by scouring his old ditches and opening new ones, whereby there is a much larger flow of water on the plaintiff’s land, than, there would have been, had the defendant really been passive. The defendant was, therefore, clearly liable for all the damages arising from such increase of water: indeed, for all the damages sustained from the water, since, by acting, when he had no license to increase the quantity of water, he adopted the nuisance as it then stood, and made himself responsible for all consequences. No doubt, a license to drain one’s land, by carrying the water on the land of another, includes the power to make ditches for that purpose, and also to cleanse them, while the license is in force. But, when it is determined, there is no more power to scour an old ditch, whereby the flow of water is increased, than to make a new one. They both stand on the same footing ; being unauthorised.
 

 It is very clear, that the last point made is also against the defendant. In 1840 he turned in another way a part of the water, that he had once been authorised to drain through the land that now belongs to the plaintiff. That was so much the better for the plaintiff, certainly; and the defendant may be entitled to his thanks for it. Two years afterwards, the defendant cleared other land, not
 
 *194
 
 before drained through the plaintiff’s canals, and turned the water from it upon the plaintiff. That is the state of the ease ; and when sued for this latter act, which was wholly unauthorised, the defendant asks an abatement of the damages or a verdict for him, because he has not done the plaintiff ixtore damage by this injury, than he would have suffered, if the defendant had not done him the favor two years before. Amends cannot be made in that way for trespasses and nuisances, even
 
 if it be
 
 supposed that the defendant had been at liberty to allow a continuing flow of the water through the plaintiff’s land, which he carried through Rascoe’s. License to turn one stream upon my land is not an authority to stop that at the party’s pleasure, and turn on another in its stead. The two acts are entirely independent, and no deduction can be made from the damages, accruing from one, on account of a benefit derived from the other.
 

 Per Curiam. Judgment affirmed.