HENRY PARKER v. NORFOLK & CAROLINA RAILROAD CO.

(Decided November 1, 1898.)

*Drainage—Damage by Overflow.*

1. Neither a railroad nor an individual can divert water from its natural course and throw it upon abutting lower lands and cause damage.

2. The upper holder may increase and accelerate the flow of the water in its natural course, but cannot divert other waters to the damage of the lower lands.

CIVIL ACTION tried before *Brown, J.*, and a jury at Spring Term, 1898, of Superior Court of BERTIE County.

PARKER v. RAILROAD.

The complaint was that the defendant, when it constructed its road-bed across Long Pond pocosin and Flat pocosin, wrongfully and negligently diverted some part of the waters of those pocosins from their natural course and drainway, and turned them into Wartom Swamp and overflowed and permanently damaged plaintiff's land.    An additional complaint was, that one branch from the Flat pocosin drained into Wartom Swamp some distance below his land, and that this water has been diverted and made to enter Wartom Swamp above his land—and that this additional has overtaxed the drainage capacity of Wartom Swamp and caused it constantly to overflow plaintiff's land.    These complaints are specifically denied by the defendant, who contends that the railroad, instead of injuring the plaintiff's land, has benefitted it, as its embankment keeps back waters naturally flowing over plaintiff's lands.

The evidence was conflicting.

His Honor charged the jury: It is the duty of the defendant company to provide an adequate outlet for all the water it diverts from the natural drain or outlet in which such water has been accustomed to flow before such diversion; and if it has failed to do so, it would be liable for such damage as is occasioned to a land-owner over whose lands the water is turned.

Defendant excepted.

There was verdict and judgment for plaintiff and defendant appealed.

*Mr. George Cowper*, for defendant (appellant).
*Mr. Francis D. Winston*, for plaintiff.

FAIRCLOTH, C. J.: The jury by their verdict find that the defendant, in constructing its road, wrongfully damaged the plaintiff's land by diverting the waters of

PARKER *v.* RAILROAD.

Long Pond and Flat Pocosin, upon said land, without providing an adequate outlet for said waters.

This case to some extent involves the right of the upper and lower tenants in draining land under common law principles. That question was settled in *Mizell* v. *McGowan*, 120 N. C., 134, in which it was held that the dominant tenants had the right to carry off his surface water by cutting ditches, by which the flow of water, naturally flowing therein, is increased and accelerated, and discharged on the land of the servient tenant, and that this subserviency is one of the natural incidents to the ownership of land. The question of diverting water was not then before the Court.

It has been previously held that neither a railroad nor an individual could divert water from its natural course and throw it upon abutting lower lands and cause damage. *Jenkins* v. *Railroad*, 110 N. C., 438. It may now be stated that the upper holder may increase and accelerate the flow of the water in its natural course, but cannot divert other waters to the damage of the lower lands. *Carter* v. *Page*, 30 N. C., 190.

The purchase of the right of way by the defendant company could not confer any more privilege than a private individual purchasing the land would have. *Jenkins* v. *Railroad, supra.*

There was conflicting evidence as to damages, and whatever we might think as a jury, we as the Court have no control over it.

Affirmed.